Willett Ave., LLC v Village of Port Chester

2026 NY Slip Op 02298

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Willett Avenue, LLC, appellant,

v

Village of Port Chester, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-08812, (Index No. 59845/21)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Welby, Brady & Greenblatt, LLP, White Plains, NY (Alan D. Singer of counsel), for appellant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, in effect, to recover damages for a violation of the Code of Village of Port Chester § 153-1, the plaintiff appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated August 28, 2024. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In July 2021, the plaintiff, the owner of two mixed-use buildings located on Willet Avenue in the Village of Port Chester, commenced this action against the Village, inter alia, in effect, to recover damages for a violation of the Code of Village of Port Chester § 153-1. Subsequently, the Village moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff opposed the Village's motion and cross-moved for summary judgment on the issue of liability. In an order dated August 28, 2024, the Supreme Court, inter alia, granted that branch of the Village's motion and denied the plaintiff's cross-motion. The plaintiff appeals.

Contrary to the plaintiff's contention, the Supreme Court properly directed dismissal of the complaint. As an initial matter, the Village adequately preserved the affirmative defense that the plaintiff failed to commence a CPLR article 78 proceeding (see id. § 3026). Moreover, a CPLR article 78 proceeding is the appropriate vehicle to review the plaintiff's claims, among other things, that the Village Fire Chief "improperly, negligently, without just cause and without authority of law and in violation of the Village Code, condemned both buildings and evicted the tenants"—allegations that sound in improper administrative determinations and actions by the government (see Rock v New York City Employees' Retirement Sys., 231 AD3d 979, 981). Although the building was reopened prior to the commencement of the action, the gravamen of the plaintiff's argument was that the actions of the Village Fire Chief on January 31, 2021, were improper and that incidental damages flowed from these actions. Accordingly, the plaintiff's claims should have been brought as a CPLR article 78 proceeding (see Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d 1653, 1656).

"Although courts generally possess the authority to convert a plenary action to a CPLR article 78 proceeding if jurisdiction of the parties has been obtained, conversion is not appropriate where the claims are barred by the four-month statute of limitations governing CPLR article 78 proceedings" (id. [citation omitted]). Here, because the plaintiff commenced this action more than four months after January 31, 2021, the Supreme Court properly directed dismissal of the complaint for failure to bring the challenge as a CPLR article 78 proceeding.

The parties' remaining contentions either are without merit or need not be considered in light of our determination.

Accordingly, we affirm the order insofar as appealed from.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court